UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

DANA SEBASTIAN, # 731727,  )
                           )
            Plaintiff,     )
                           )    Case No. 1:18-cv-95
v.                         )
                           )    Honorable Paul L. Maloney
DAVID LEACH,               )
                           )
            Defendant.     )
_____)

# REPORT AND RECOMMENDATION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. This lawsuit arises out of conditions of plaintiff's confinement at the Ionia Correctional Facility. Plaintiff alleges that Michigan Department of Corrections Special Activities Coordinator David Leach violated his First Amendment rights and statutory rights under the Religious Land Use and Institutionalized Persons Act (RLUIPA) by denying his request to participate in the prison's religious diet program.[1]

The matter is before the Court on defendant's motion for summary judgment based on the affirmative defense of failure to exhaust administrative remedies, as required by 42 U.S.C. § 1997e(a). (ECF No. 11). Plaintiff opposes the motion. (ECF No. 13). For the reasons set forth herein, I recommend that the Court grant defendant's motion and dismiss plaintiff's claims without prejudice.

---

[1] All other claims have been dismissed. (ECF No. 7, 8).

## **Summary Judgment Standard**

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *McKay v. Federspiel*, 823 F.3d 862, 866 (6th Cir. 2016). The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.' " *Rocheleau v. Elder Living Const., LLC*, 814 F.3d 398, 400 (6th Cir. 2016) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The Court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *France v. Lucas*, 836 F.3d 612, 624 (6th Cir. 2016).

When the party without the burden of proof seeks summary judgment, that party bears the initial burden of pointing out to the district court an absence of evidence to support the nonmoving party's case, but need not support its motion with affidavits or other materials "negating" the opponent's claim. *See Morris v. Oldham Cty. Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To sustain this burden, the nonmoving party

may not rest on the mere allegations of his pleadings. *See Ellington v. City of E. Cleveland*, 689 F.3d 549, 552 (6th Cir. 2012). The motion for summary judgment forces the nonmoving party to present evidence sufficient to create a genuine issue of fact for trial. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990); *see Newell Rubbermaid, Inc. v. Raymond Corp.*, 676 F.3d 521, 533 (6th Cir. 2012). "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].' " *Dominguez v. Correctional Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Anderson*, 477 U.S. at 252); *see Lossia v. Flagstar Bancorp, Inc.*, 895 F.3d 423, 428 (6th Cir. 2018).

A moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby Cty. Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "[W]here the moving party has the burden – the plaintiff on a claim for relief or the defendant on an affirmative defense – his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (citation and quotation omitted). In other words, the movant with the burden of proof " 'must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it.' " *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000)); *see Surles v. Andison*, 678 F.3d 452, 455-56 (6th Cir. 2012); *Cockrel*, 270 F.2d at 1056. Accordingly, summary judgment in favor of the party with the burden of proof "is inappropriate

when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## Standards Applicable to the Affirmative Defense of Failure to Exhaust Remedies

Defendant has asserted the affirmative defense of plaintiff's failure to exhaust administrative remedies. A prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 "or any other Federal law" must exhaust available administrative remedies. 42 U.S.C. § 1997e(a); *see Jones v. Bock*, 549 U.S. 199, 220 (2007); *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). A prisoner must exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 734. "This requirement is a strong one. To further the purposes behind the PLRA, exhaustion is required even if the prisoner subjectively believes the remedy is not available, even when the state cannot grant the particular relief requested, and even where the prisoner[ ] believes the procedure to be ineffectual or futile." *Napier v. Laurel County, Ky.,* 636 F.3d 218, 222 (6th Cir. 2011) (internal quotations and citations omitted).

In *Jones v. Bock*, the Supreme Court held that "exhaustion is an affirmative defense, and prisoners are not required to specifically plead or demonstrate exhaustion in their complaints." 549 U.S. at 216. The burden is on defendants to show that plaintiff failed to properly exhaust his administrative remedies. The Supreme Court reiterated that "no unexhausted claim may be considered." 549 U.S. at 220. The Court held that when a prisoner complaint contains both exhausted and

unexhausted claims, the lower courts should not dismiss the entire "mixed" complaint, but are required to dismiss the unexhausted claims and proceed to address only the exhausted claims. 549 U.S. at 219-24.

In order to exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules established by state law. *Jones v. Bock*, 549 U.S. at 218-19. In *Woodford v. Ngo*, 548 U.S. 81 (2006), the Supreme Court held that the PLRA exhaustion requirement "requires proper exhaustion." 548 U.S. at 93. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." *Id.* at 90; *see Scott v. Ambani*, 577 F.3d 642, 647 (6th Cir. 2009). Thus, when a prisoner's grievance is rejected by the prison as untimely because it was not filed within the prescribed period, the prisoner's claim is not "properly exhausted" for purposes of filing a section 1983 action in federal court. 548 U.S. at 90-93; *Siggers v. Campbell*, 652 F.3d 681, 692 (6th Cir. 2011); *see* 42 U.S.C. § 1997e(a).

MDOC Policy Directive 03.02.130 (effective July 9, 2007) sets forth the applicable grievance procedures.[2] In *Sullivan v. Kasajaru*, 316 F. App'x 469, 470 (6th Cir. 2009), the Sixth Circuit held that this policy directive "explicitly required [the prisoner] to name each person against whom he grieved," and it affirmed the district court's dismissal of a prisoner's claim for failure to properly exhaust his available administrative remedies. *Id.* at 470.

---

[2] A copy of the policy directive is found in the record. (*See* ECF No. 12-2, PageID.63-69).

The Sixth Circuit has "clearly held that an inmate does not exhaust available administrative remedies when the inmate fails entirely to invoke the grievance procedure." *Napier*, 636 F.3d at 224.  An argument that it would have been futile to file a grievance does not suffice.  Assertions of futility do not excuse plaintiff from the exhaustion requirement.  *See Napier*, 636 F.3d at 224; *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999) ("[A]n inmate cannot simply fail to file a grievance or abandon the process before completion and claim that he has exhausted his remedies or that it is futile for him to do so because his grievance is now time-barred under the regulations."); *see also Booth v. Churner*, 532 U.S. at 741 n.6 ("[W]e will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise.").

### **Proposed Findings of Fact**

The following facts are beyond genuine issue.  Plaintiff was an inmate held in the custody of the Michigan Department of Corrections (MDOC) at the Ionia Correctional Facility (ICF) during the period at issue.

On September 28, 2017, plaintiff received a memorandum from the prison's chaplain advising him that his request for a religious diet accommodation had been denied.  On September 29, 2017, the chaplain advised plaintiff that Special Activities Coordinator David Leach was the person who denied the request.  (ECF No. 13-1, PageID.85, 87; Sebastian Aff. ¶¶ 1-5, ECF No. 13-1, PageID.86-87).

Plaintiff pursued one grievance through a Step III decision before he filed this lawsuit. (ECF No. 12-3, PageID.71-78). The grievance is related to plaintiff's claims; accordingly it warrants further discussion.

On October 9, 2017, ICF's grievance coordinator received a grievance from plaintiff and assigned it Grievance No. ICF-17-10-1361-28I. In the space provided for plaintiff to describe his attempt to resolve the issue before filing this grievance, plaintiff stated that, on September 29, 2017, he received a memorandum denying his request for a religious diet. (*Id.* at PageID.77). In the body of the grievance plaintiff indicated that he is a Buddhist and that defendant's decision denying his request to participate in the religious diet program violated his First Amendment rights and his statutory rights under RLUIPA. (*Id.*).

Plaintiff's grievance was rejected at Step I because plaintiff failed to attempt to resolve the issue within two days of becoming aware of a grievable issue. (*Id.* at PageID.78). The rejection of plaintiff's grievance was upheld at Steps II and III. (*Id.* at PageID.73, 76).

## Discussion

Defendant has raised the affirmative defense that plaintiff did not properly exhaust his administrative remedies against him as required by 42 U.S.C. § 1997e(a). Exhaustion is mandatory. *Woodford*, 548 U.S. at 85. "[N]o unexhausted claim may be considered." *Jones v. Bock*, 549 U.S. at 220.

Under the MDOC's policy directive, a prisoner must "attempt to resolve the issue with the staff member involved within two business days after becoming aware

of a grievable issue, unless prevented by circumstances beyond his/her control[.]" (P.D. 03.02.130 ¶ P, ECF No. 12-2, PageID.65).  Plaintiff argues that he had "no way of possibly getting ahold of Mr. Leach" because he works in Lansing.  (Plf. Brief, 2, ECF No. 13, PageID.80).  The Sixth Circuit recently emphasized that "there is no requirement that a prisoner 'attempt to resolve the issue' orally, rather than in writing."  *Besler v. James*, No. 16-2578, 2017 WL 5479595, at *2 (6th Cir. June 6, 2017).  Plaintiff presents no evidence that he was prevented from attempting to resolve the issue through written communication.

Plaintiff offers no legal authority in support of his argument that his conversation with the prison's chaplain should be deemed an adequate attempt to resolve the issue with defendant.  (Plf. Brief, 2, ECF No. 13, PageID.80).  In addition, plaintiff's argument is undermined by his concessions that he knew that the chaplain was not the decisionmaker, and that the chaplain had no power to alter defendant's decision.  (Sebastian Aff. ¶¶ 3-5, ECF No. 13-1, PageID.87).

### Recommended Disposition

For the reasons set forth herein, I recommend that the Court grant defendant's motion for summary judgment based on the affirmative defense of failure to exhaust administrative remedies (ECF No. 11), and enter a judgment dismissing plaintiff's claims without prejudice.

Dated:  January 9, 2019                  /s/  Phillip J. Green
                                                   PHILLIP J. GREEN
                                                   United States Magistrate Judge

## NOTICE TO PARTIES

ANY OBJECTIONS to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008). General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).