UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANA SEBASTIAN, #731727, )
     Plaintiff, )
         ) No. 1:18-cv-95
-v- )
         ) Honorable Paul L. Maloney
DAVID LEACH, )
     Defendant. )
         )

## ORDER ADOPTING REPORT AND RECOMMENDATION AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

  Plaintiff Dana Sebastian filed this civil rights lawsuit arising from the denial of his request to participate in the prison's religious diet program. Defendant David Leach is the CFA Special Activities Coordinator for the Michigan Department of Corrections (MDOC). Leach is the individual responsible for denying Plaintiff's request.

  Defendant filed a motion for summary judgment asserting that Plaintiff failed to properly exhaust administrative grievances. (ECF No. 11.) The magistrate judge reviewed the record and issued a report recommending that Defendant's motion be granted. (ECF No. 18.) Plaintiff filed an objection. (ECF No. 19.)

  After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a

de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

The magistrate judge found that Defendant met his burden and established that Plaintiff failed to properly exhaust his administrative remedies. In his objection, Plaintiff contends he attempted to informally resolve the issue with the institution's chaplain, who would be considered the designee under MDOC Policy Directive for Religious Beliefs and Practices, 05.03.150 ¶ PP.

The Court has reviewed the relevant documents in the grievance process, as well as the grievance procedure policy directive (PD 03.02.13) and the religious beliefs and practices policy directive (PD 05.03.150). Plaintiff attached to his complaint the letter denying his request for a religious diet (PageID.8), his grievance (PageID.9), the denial of his grievance (PageID.10), his Step II appeal (PageID.11), the denial of his Step II appeal (PageID.12), his Step III appeal (PageID.13), and the denial of his Step III appeal (PageID.15).

Defendant established that Plaintiff did not comply with the policy directive for grievances, specifically that Plaintiff did not attempt to informally resolve the matter with the staff before filing a grievance. MDOC PD 03.02.130 ¶ P. In his grievance, Plaintiff does not identify any attempt at resolving the issue prior to filing the grievance. (PageID.9.) In his Step II and Step III appeals (PageID.11 and PageID.13), Plaintiff contends that he followed the policy directive for requesting religious meals (MDOC PD 05.03.150 ¶ PP), an argument that does not respond to the reason his grievance was denied.

In his response to the motion for summary judgment, Plaintiff argues, for the first time, that he could not attempt to informally resolve this issue with Defendant Leach because

Leach was located in Lansing, and not at the prison facility. Plaintiff contends his failure to try to informally resolve the matter was "prevented by circumstances beyond his/her control." MDOC PD 03.02.130 ¶ P. Plaintiff further argues that he did attempt to resolve the matter with the chaplain, who was located at the facility. And, Plaintiff notes that the chaplain is the designated individual to whom the request for a religious diet must be made and who is tasked with obtaining information about the request. Plaintiff reiterates these same arguments in his objection.

Plaintiff's objection is overruled. Plaintiff failed to make any of these arguments during the grievance process. When Plaintiff did not identify or describe any attempt to informally resolve the matter before he filed the grievance, the MDOC properly denied the grievance. The grievance form provides an option for the prisoner to explain why no attempt was made to informally resolve the matter. Plaintiff did not assert that he could not contact Defendant Leach. Plaintiff did not identify his contacts with the chaplain or his inability to contact Leach in either of his appeals. Based on the record of Plaintiff's attempt to exhaust his administrative remedies through the grievance process, this Court must conclude that the MDOC properly denied Plaintiff's grievance and both appeals.

Accordingly, the Report and Recommendation (ECF No. 18) is **ADOPTED** as the Opinion of this Court. Defendant Leach's motion for summary judgment (ECF No. 11) is **GRANTED.** Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

Date:  January 25, 2019                    /s/ Paul L. Maloney
                                                                                 Paul L. Maloney
                                                                                 United States District Judge